UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

FLOYD CRAWFORD,

    Plaintiff,

v.

HONORABLE CHARLES T. HAGEL
FOR THE UNITED STATES DEPARTMENT
OF DEFENSE, AND THE UNITED STATES
DEPARTMENT OF DEFENSE,

    Defendants.

Case No. 1:14-CV-539

HON. GORDON J. QUIST

_____/

## **OPINION**

Plaintiff, Floyd Crawford, has sued Defendants alleging that he suffered discrimination on the basis of a disability, in violation of the Rehabilitation Act, 29 U.S.C. § 791 *et seq.*[1] Defendants have moved to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure on the basis that Crawford's complaint is untimely. Crawford has responded to the motion, and Defendants have replied. Based on its review of the parties' submissions and the applicable law, the Court

---

[1] Although the Sixth Circuit apparently has not addressed the issue, district courts within the Sixth Circuit have held that the proper defendant in claims by federal government employees under the Rehabilitation Act is the head of the federal agency or department. *See McGhee v. U.S. Postal Serv.*, No. 06-CV-10337-DT, 2006 WL 1851261, at *2 (E. D. Mich. June 30, 2006) ("Based on the weight of authority relating to this issue, the court can conclude only that the proper defendant in this matter is the Postmaster General because he is the head of the Postal Service."); *accord Delaney v. Potter*, No. 3:06-0065, 2006 WL 2469380, at *3 n.3 (M.D. Tenn. Aug. 24, 006) ("[T]he court notes that the Postmaster General appears to be the only proper defendant in a Title VII action against the U.S.P.S.") (citing 42 U.S.C. § 2000e-16(c)). Circuit courts that have addressed the issue have held that the head of the department, agency, or unit is the only appropriate defendant. *See Honeycutt v. Long*, 861 F.2d 1346, 1349 (5th Cir. 1988); *Romain v. Shear*, 799 F.2d 1416, 1418 (9th Cir. 1986). It appears that the only proper defendant in this case Charles T. Hagel, the Secretary of Defense. *Honeycutt*, 861 F.2d at 1349. Thus, apart from timeliness, Crawford's action against the Department of Defense would be subject to dismissal because the department is not the proper defendant. *See Burke v. Gutierrez*, No. 04 Civ. 7593(PKC), 2006 WL 89936, at *1 n.1 (S.D.N.Y. Jan. 12, 2006) ("As the Secretary is the only proper defendant in actions under Title VII and the Rehabilitation Act, all claims against the Commerce Department itself are dismissed.").

concludes that Crawford's complaint is untimely. Thus, the Court will dismiss the complaint with prejudice.

## BACKGROUND

Crawford, a quadriplegic, was employed by the Department of Defense (DOD), Defense Logistics Agency at the Federal Center in Battle Creek, Michigan. (Dkt. # 1 at Page ID## 3–4, ¶¶ 11–12, 22.) On February 20, 2011, Crawford shattered his femur while stretching, and was off work for approximately one month. (*Id.* at Page ID#3, ¶¶ 17–18.) On March 30, 2011, Crawford's supervisor approved Crawford to telework from his home. Subsequently, Crawford's supervisor revoked the telework approval and required him to physically return to work. (*Id.* at Page ID##3–5, ¶¶ 18, 21–22, 26.) Because Crawford's physical restrictions precluded him from returning to work, during 2011, Crawford was forced to leave the workforce and obtain disability benefits. (*Id.* at Page ID#5, ¶¶ 32–34.) Crawford claims that the DOD discriminated against him by refusing to permit him to telework, while allowing other employees without physical disabilities to telework.

On July 22, 2011, Crawford filed a discrimination complaint with the Defense Logistics Agency (DLA). On June 28, 2012, the DLA issued its decision denying Crawford's complaint. *See Crawford v. Hagel, et al.*, No. 1:12-CV-1107 (W.D. Mich.) (dkt. #1-1). On October 9, 2012, Crawford filed a complaint in the Western District of Michigan (the 2012 Action) against the Defendants named in the instant case alleging violations of Sections 501 and 504 of the Rehabilitation Act, based largely on his allegations that he was refused permission to telework. The case was assigned to the Honorable Robert Holmes Bell. In his complaint, Crawford alleged that he received the DLA's final decision on July 9, 2012. (Dkt. # 1 at Page ID#3, ¶ 9.) The defendants moved for summary judgment on Crawford's claim under Section 504, and Judge Bell granted the motion. (Dkt. ## 33, 34.) On February 6, 2014, the parties stipulated to dismiss Crawford's claim under Section 501 without prejudice. (Dkt. # 38.)

**DISCUSSION**

Defendants argue that Crawford's complaint in the instant case—filed on May 16, 2014—is untimely because Crawford failed to file it within 90 days of July 9, 2012—the date Crawford admits receiving notice of the final agency action on his discrimination complaint. Defendants further contend that the 2012 Action did not toll the statutory time for Crawford to file his complaint in federal court. Crawford responds that Defendants waived their statute of limitations defense by failing to raise it in the 2012 Action.

Because Crawford is a federal government employee, the timeliness of Crawford's complaint is governed by 42 U.S.C. § 2000e-16. *See* 29 U.S.C. § 794a(a)(1) (providing that the remedies, procedures and rights set forth in § 2000e-16 apply to claims under the Rehabilitation Act). Pursuant to 42 U.S.C. § 2000e-16(c), a claimant must file an action in federal district court "[w]ithin 90 days of receipt of notice of final action taken by a department, agency, or unit referred to in subsection 717a [§ 2000e-16(a)]." *See also* 29 U.S.C. § 1614.407(a) (allowing 90 days after "receipt of the final action" for filing of a complaint in federal district court if no appeal is taken).[2] The 90-day period "is not jurisdictional, . . . [but is] similar to a statute of limitations, [and] is subject to waiver, estoppel and equitable tolling." *Rucker v. Potter*, 215 F. App'x 406, 407 (6th Cir. 2007).

In the instant case, Crawford admits receiving the final agency decision on July 9, 2012. Crawford therefore had until October 8, 2012 to file his complaint. Crawford did not file his complaint in this case until May 16, 2014—well beyond the 90-day period. Moreover, Crawford

---

[2] The claimant may, but need not, file an administrative appeal of the employer's final decision to the Equal Employment Opportunity Commission (EEOC). 42 U.S.C. § 2000e-16(c); *see Reynolds v. Tangherlini*, 737 F.3d 1093, 1099 (7th Cir. 2013) (noting that an appeal of final agency action to the EEOC is not a prerequisite to filing suit); *Bullock v. Berrien*, 688 F.3d 613, 616 (9th Cir. 2012) (noting that "[a]n employee has the option of filing an administrative appeal . . . but such an appeal is not necessary for exhaustion of administrative remedies"). In the instant case, Crawford did not appeal the final agency action to the EEOC.

cannot claim the benefit of the 2012 Action as an event that tolled the limitations period, as the Sixth Circuit has "consistently held . . . that a dismissal of a suit without prejudice usually does not toll the statute of limitations." *Rice v. Jefferson Pilot Fin. Ins. Co.*, 578 F.3d 450, 457 (6th Cir. 2009). As the *Rice* court explained:

> It is generally accepted that a dismissal without prejudice leaves the situation the same as if the suit had never been brought, and that in the absence of a statute to the contrary a party cannot deduct from the period of the statute of limitations the time during which the action so dismissed was pending.

*Id.* (quoting *Wilson v. Grumman Ohio Corp.*, 815 F.2d 26, 27 (6th Cir. 1987) (per curiam)).

Citing *Horton v. Potter*, 369 F.3d 906 (6th Cir. 2004), Crawford argues that a party generally waives an affirmative defense, such as the statute of limitations, by failing to plead the defense in its first responsive pleading. Crawford further argues that Defendants had more than two years to raise the statute of limitations defense but failed to do so. *Horton* is inapposite to the present circumstances, but in any event, tends to refute, rather than support, Crawford's waiver argument. The issue in *Horton* was whether the defendant waived his defense that the plaintiff failed to timely exhaust his administrative remedies by contacting an EEO counselor within 45 days of the alleged discriminatory act. *Id.* at 910–11. The court rejected the plaintiff's argument that the defendant waived the untimeliness defense at the administrative stage because the defense only became apparent after discovery in the federal court litigation. The court noted that because of the nature of the plaintiff's allegations in the administrative proceedings, the defendant could not have learned of the basis for the untimeliness defense without the discovery conducted at the district court level. *Id.* at 911. The court also rejected the plaintiff's argument that the defendant waived the defense by failing to raise it as an affirmative defense in a previous lawsuit. The court concluded that the plaintiff failed to carry his summary judgment burden of demonstrating an issue of fact supporting his waiver argument, particularly because none of the pleadings from the prior case were in the

record on appeal. *Id.* at 911–12.  Importantly, there was no suggestion in *Horton* that the plaintiff had voluntarily dismissed his claims in the prior litigation, as Crawford did in this case.  In fact, the prior litigation in *Horton* terminated not because of a voluntary dismissal by the plaintiff, but because the district court remanded the matter to the Postal Service's EEO department, after concluding that the plaintiff was entitled to equitable tolling.  *See Horton v. Potter*, No. 00-70744, 2002 WL 1480801, at *5 (E.D. Mich. June 12, 2002).  Thus, *Horton* is distinguishable from the instant case not only because the issue was whether the plaintiff timely exhausted his administrative remedies—not whether the plaintiff filed timely filed his complaint within the 90-day period—and because the initial litigation did not terminate as a result of a voluntary dismissal.

A Ninth Circuit case, *City of South Pasadena v. Mineta*, 284 F.3d 1154 (9th Cir. 2002), involved procedural circumstances similar to those presented in this case.  In *City of South Pasadena*, the city filed a complaint in federal court in 1973 seeking an injunction against the construction of a freeway within its limits until the State of California and the federal government completed certain environmental studies.  Twenty-five years later, in 1998, the studies were completed.  The city then sought leave to amend its complaint to add new claims and plaintiffs.  After the district court denied the motion, the city dismissed its complaint, but filed a new federal court complaint two days later.  Subsequently, the city amended its complaint to add state law claims, and the state responded by invoking Eleventh Amendment immunity.  Agreeing with the city, the district court concluded that the second lawsuit was a continuation of the first and, therefore, the waiver of immunity in the first suit carried over to the second. *Id.* at 1156.  The Ninth Circuit disagreed, noting that it had "adhered slavishly" to the rule that a voluntary dismissal without prejudice essentially "means that any future lawsuit based on the same claim [is] an entirely new lawsuit unrelated to the earlier (dismissed) action." *Id.* at 1157 (internal quotation marks in second quote omitted) (alteration in original).  Addressing the city's contention that there was no categorical

5

rule preventing a waiver of sovereign immunity in one case to carry over to a subsequent action, the court observed, "[t]his is not surprising, because Fed. R. Civ. P. 41(a) provides a categorical rule that is much broader—one that disallows the 'carry-over' of *any* waivers from a voluntarily dismissed action to its reincarnation." *Id.* at 1158 (italics in original).

In this case, assuming that the 90-day statute of limitations was an issue in the 2012 Action and that Defendants waived it by failing to raise it, such waiver would not carry over to the instant case for the reasons the Ninth Circuit gave in *City of South Pasadena*. Accordingly, Crawford's wavier argument fails, and his complaint is subject to dismissal.

## CONCLUSION

For the foregoing reasons, the Court will grant Defendants' motion to dismiss and dismiss Crawford's complaint with prejudice.

An Order consistent with this Opinion will enter.


Dated: October 20, 2014                    /s/ Gordon J. Quist
GORDON J. QUIST
UNITED STATES DISTRICT JUDGE